**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALONZO MOORE,

    Petitioner,

vs.                                                    Case No. 3:14-cv-405-J-32JRK

SEC'Y, FLA. DEP'T OF CORR., et al.,

    Respondents.

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This cause is before the Court upon a Petition (Doc. #1) for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner challenges a 1997 state court (Duval County) judgment of conviction for one count of armed burglary and four counts of robbery. The Court takes judicial notice of Petitioner's previous filing in this Court in Case No. 3:07-cv-117-J-34MCR, in which Petitioner challenged the same judgment of conviction. On March 30, 2010, the petition in that case was denied in a seventy page order. Before a second or successive habeas corpus application may be filed in this Court, Petitioner is required to obtain an order from the United States Court of Appeals for the Eleventh Circuit, authorizing the district court to consider his application. See 28 U.S.C. § 2244(b)(3)(A). [1] For this

---

[1] Petitioner appears to argue that the holding in Martinez v. Ryan, 132 S.Ct. 1309 (2012), permits him to file a successive petition; however, the Court finds that argument to be unavailing. See Noles v. Crews, No. 3:13cv130/MCR/EMT, 2013 WL 6388631, at *4 (N.D. Fla. Dec. 6, 2013) ("Although Martinez may provide a habeas petitioner with cause to excuse a procedurally defaulted ineffective assistance of trial counsel claim in a first federal habeas petition, nothing in the decision suggests that the AEDPA's requirement that a petitioner obtain permission from the court of appeals prior to filing a second or successive petition in the district court is to be ignored on equitable grounds.") (citation omitted).

reason, this case will be dismissed without prejudice to Petitioner's right to file a successive petition if he obtains the requisite authorization from the Eleventh Circuit.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment accordingly.

3. If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.[2] Because this Court has determined that a certificate of appealability is not warranted, the Clerk of the Court shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court shall send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody" form to be filed with the Eleventh Circuit.

---

[2] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

5. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of April, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 4/11
c:
Alonzo Moore